**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SEBASTIAN JUAN SEBASTIAN,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 96-9538
(Petition for Review)
(No. A73-733-886)

---

ORDER AND JUDGMENT[*]

---

Before KELLY and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Petitioner, a citizen of Guatemala, seeks review of the September 19, 1996 final decision of the INS Board of Immigration Appeals (Board) affirming the Immigration Judge's (IJ) denial of his petition for asylum and withholding of deportation. We affirm.

Petitioner alleges he has been persecuted by the government of Guatemala for his political opinions because he was required to serve in the Civil Patrol at a young age. He also claims he will be persecuted by the guerrillas active in some areas of Guatemala, based on a past guerrilla attempt to recruit him.

Applicability of IIRIRA

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, alters the availability, scope, and nature of judicial review in INS cases. However, because petitioner's deportation proceedings commenced before April 1, 1997, and the final decision of the INS issued before October 31, 1996, neither IIRIRA's permanent "new rules," nor its interim "transitional rules," apply to this case. See id. §§ 306(c)(1), 309(a), (c)(1) & (4), as amended Pub. L. No. 104-302, § 2, 110 Stat. 3657, set out in notes to 8 U.S.C. §§ 1101, 1252. Because this case does not involve deportation for criminal activity addressed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, we need not address whether that Act would apply to INS cases commenced before its enactment on

April 24, 1996.  See Fernandez v. INS, 113 F.3d 1151 (10th Cir. 1997).
Accordingly, we consider petitioner's claims under pre-IIRIRA law.

Asylum

To be eligible for asylum, the alien must first establish that he or she is a refugee under 8 U.S.C. § 1101(a)(42).  See Rezai v. INS, 62 F.3d 1286, 1289 (10th Cir. 1995).  "To establish refugee status, the alien must prove either past 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Kapcia v. INS, 944 F.2d 702, 706 (10th Cir. 1991) (quoting 8 U.S.C. § 1101(a)(42)).  We must uphold the Board's determination that petitioner is not eligible for asylum if the record considered as a whole contains reasonable, substantial, and probative evidence to support that determination.  See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Reversal is appropriate only where the evidence would compel a reasonable fact finder "to conclude that the requisite fear of persecution existed."  Id. at 481 & n.1.

Here, petitioner has not met his burden of establishing that his fear of persecution is well-founded.  See Kapcia, 944 F.2d at 707 (alien bears burden of proof in deportation proceedings).  He failed to show that he was drafted into the Civil Patrol because of his political opinions.  A sovereign nation is entitled to enforce its laws of conscription.  See Sadeghi v. INS, 40 F.3d 1139, 1142 (10th

Cir. 1994). The record supports the Board's inference that petitioner seeks to avoid military service, which is not a ground for granting asylum.

Similarly, petitioner has not established that the guerrillas recruited him because of his political opinions. He cannot show that he fears persecution on account of his political opinion by mere resistance to recruitment by an anti-government group. See Elias-Zacarias, 502 U.S. at 481-84.

Petitioner also claims that he has demonstrated a well-founded fear of future persecution irrespective of any past persecution. His apprehension that the government might have kept records of those who left Guatemala to track their anti-governmental activities is too speculative to compel reversal. His statement that the guerrillas killed his father when petitioner was a child does not, alone, establish that petitioner will be persecuted for his political opinions. Accordingly, the denial of asylum must be affirmed.

## Withholding of deportation

8 U.S.C. § 1253(h) provides that an alien shall not be deported if his or her life or freedom would be threatened due to his or her "race, religion, nationality, membership in a particular social group, or political opinion." In this case, because petitioner did not establish the lower standard for asylum -- a well-founded fear of persecution, he also failed to establish the higher standard for withholding deportation -- a clear probability of persecution. See Rezai, 62

F.3d at 1289.  Therefore, we affirm the Board's decision to deny withholding of deportation.

The petition for review is DENIED.

Entered for the Court

Robert H. Henry
Circuit Judge